

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-25,516-06

**EX PARTE MICHAEL ANTHONY HILL, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W03-55398-W(E) IN THE 363RD DISTRICT COURT
## FROM DALLAS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a building and sentenced to fifteen years' imprisonment.

Applicant contends, among other things,[1] that his maximum discharge date was extended by two days without explanation, and that his approval for release to discretionary mandatory supervision was improperly withdrawn. Applicant has alleged facts that, if true, might entitle him

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit detailing Applicant's history of confinement pursuant to this conviction, including any prior releases to parole and/or discretionary mandatory supervision. The affidavit shall also detail the calculation of Applicant's maximum discharge date, before and after the revocation of his parole. The affidavit shall explain why Applicant's maximum discharge date was adjusted from September 22, 2023, to September 24, 2023. The affidavit shall state the reasons for the withdrawal of decision to grant Applicant release to discretionary mandatory supervision, of which Applicant was provided notice on September 24, 2015. The affidavit shall also indicate whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted. The affidavit shall also state Applicant's current projected release date, now that he has been approved for parole release upon completion of a rehabilitation program in TDCJ.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was within 180 days of his projected release date when he filed this application in the trial court, based on TDCJ's current records. The trial court shall also make findings and conclusions as to

whether Applicant's maximum discharge date is being properly calculated, and as to whether Applicant's approval for release to discretionary mandatory supervision was properly withdrawn. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 27, 2016
Do not publish